**UNIVERSAL SPECIALTIES, INC., a California corporation, et al., Plaintiffs,**

v.

**Winton M. BLOUNT, Postmaster General of the United States, and Edward Schneringer, Officer in Charge of the Post Office Department of the City of Los Angeles, State of California, Defendants.**

No. 71–337–EC.

United States District Court, C. D. California.

April 30, 1971.

Stanley Fleishman, Hollywood, Cal., Edwin M. Rosendahl and Joseph Taback, Beverly Hills, Cal., for plaintiffs.

David A. Nelson, General Counsel, Washington, D. C., for defendants.

MEMORANDUM AND ORDER FOR PRELIMINARY INJUNCTION

Before ELY, Circuit Judge, and CRARY and GRAY, District Judges.

PER CURIAM.

On March 5, 1971, this three-judge District Court heard oral argument on plaintiffs' motion for preliminary in-

junction enjoining enforcement of sections 3010 and 3011 of Title 39, United States Code, and sections 1735 through 1737 of Title 18, United States Code, together with regulations issued by the Post Office Department thereunder, 39 C.F.R. § 124.9. The statute and regulations in question are concerned with the mailing of "sexually oriented advertisements." Both sides had previously submitted memoranda of facts and law and affidavits in support of their respective positions.

The Temporary Restraining Order, issued by reason of the failure of the Post Office Department to publish regulations thirty days prior to their effective date, as required by law, was revoked on February 16, 1971, after expiration of the thirty-day period, and there is no Temporary Restraining Order in effect.

It was stipulated by the parties that the evidence considered on the preliminary injunction be also considered as evidence in the trial on the merits. The hearing on the motion for preliminary injunction was deemed to be consolidated with the trial on the merits, and the matter was submitted for final determination with no oral testimony being taken.

[redacted] The Court concludes that the protecting of persons against the receiving of unwanted mail is constitutional and that reasonable regulations to implement the statute are proper and enforceable. See, e. g., Rowan v. United States Post Office Dep't., 397 U.S. 728, 90 S.Ct. 1484, 25 L.Ed.2d 736 (1970). However, we have concluded that the regulations in question were not implemented correctly. They were not published in the Federal Register at least thirty days prior to their effective date as required by the Administrative Procedure Act, 5 U.S.C. § 553(d). The Post Office Department could not disregard the explicit Congressional directions which govern the issuance of significant regulations like those that are here challenged.[1]

Pending further proceedings herein,

It is ordered that the defendants and their agents and employees be and are hereby temporarily enjoined, until further order of this Court, from enforcing the regulations in question.

Plaintiffs' counsel will prepare and submit proposed Findings, Conclusions and Order in accordance with the foregoing.

CRARY, District Judge (dissenting in part).

The Temporary Restraining Order referred to in the majority Memorandum and Order, which was revoked on February 16, 1971, by reason of the expiration of the 30-day period from publication of the Regulations on January 13, 1971, was issued and revoked by the undersigned.

Although the law requires the publication of substantive regulations 30 days before the effective date of the statute (5 U.S.C. § 553(d) ), the subject Regula-

1. Expecting that the Post Office Department will republish and reissue its regulations, the majority of the Court chooses now to note its concern over 39 C.F.R. § 124.9(d) (1), which would have required the mailer of sexually oriented advertisements to subscribe to a list, compiled by the Post Office Department, of those persons desiring not to receive the proscribed ads at a cost of not less than $5,000 nor more than $10,000. The Post Office Department failed to justify this seemingly oppressive amount. The imposition of financial burdens to suppress constitutionally protected material is clearly an unconstitutional restraint on free speech and press. *See, e. g.*, Murdock v. Pennsylvania, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943) ; Grosjean v. American Press Co., 297 U.S. 233, 56 S.Ct. 444, 80 L.Ed. 660 (1936). The majority is troubled by the concept that the Government may accommodate those people who do not want to receive constitutionally protected material by imposing a substantial financial burden upon those who desire or are willing to receive it. It is our tentative opinion that while a fee for compiling the contemplated list may be charged, it must be reasonable. The prices of publications of the Government Printing Office occur to us as a relevant consideration in determining an appropriate charge.

tions did not go into effect before the expiration of 30 days from the date of publication on January 13, 1971. It is also to be noted that portions of these Regulations were published on October 10, 1970, and December 10, 1970 (Pages B–30 and B–31, Appendix A to defendants' opposition memorandum filed February 16, 1971). The portions of the Regulations so published stated the requirements as to the printing, on the envelope containing the subject material, of the sender's name and address and the notice "Sexually Oriented Ad." By notice published in the Federal Register on March 25, 1971, the Post Office Department, under "Notice of Proposed Rule Making," invited interested persons to " * * * submit written data, views and arguments concerning the proposed regulations to the Assistant General Counsel, Mailability Division, Post Office Department, Washington, D. C. 20260, at any time prior to the 30th day following the date of publication of this notice in the Federal Register."

I adhere to my prior ruling and conclude that the effective date of the Regulations should not be delayed until 30 days after a re-publication thereof. Borg-Johnson Electronics v. Christenberry, D.C., 169 F.Supp. 746, 752.

The evidence before the Court does not disclose that the cost of the Post Office list of persons not desiring to receive the material involved, as provided in the Regulations (§ 124.9(d) (1) ), is confiscatory or would result in irreparable injury to any of the plaintiffs required to purchase the list, and I conclude that due process is not violated by the Regulations issued pursuant to provisions of the Act assessing the cost of its Regulations to the industry.

I would enjoin only the requiring of the purchase or use of the Post Office list by anyone who mails sexually oriented advertisements *only* to persons who have specifically requested in writing to receive same (see affidavit of plaintiff William Summers), on the condition that such material was not pornographic or obscene.

For the foregoing reasons I dissent from the opinion and order of the majority.